# Wytheville.

## W. H. GIBSON, ET AL, v. COMMONWEALTH.

' June 15, 1922.

1. ASSIGNMENT OF ERRORS—*Insufficient Assignment—General Assignment that the Court Erred in the Instructions.*—An assignment of error was that the court "erred in its instructions to the jury, as will be pointed out in your petitioners' brief to be hereafter filed in this cause." The case was submitted without oral argument, and no brief other than the petition was filed on behalf of the petitioners.

   *Held:* That the assignment was clearly insufficient under section 6346 of the Code of 1919 and Rule 2 of the Supreme Court of Appeals.

2. APPEAL AND ERROR—*Error in the Instructions—Harmless Error.*— Where the penalty imposed upon accused was the minimum for the violation of the prohibition law, with which they were charged, and no other verdict than the one fixing their guilt could have properly been found under the evidence, error in the instructions would be harmless.

Error to a judgment of the Corporation Court of the city of Charlottesville.                    *Affirmed.*

The opinion states the case.

*E. O. McCue* and *Fife & Pitts*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

W. H. Gibson, George Shiftlett, Kinley Shiftlett and David Shiftlett were separately indicted, but, at their request, jointly tried upon a charge of transporting

ardent spirits contrary to law. Each of them was found guilty and sentenced to serve a term of one month in jail and to pay a fine of $50.00.

[1] This writ of error was allowed under the statute providing for appeals of right in criminal cases. The only assignment of error in the petition is as follows:

"Your petitioners represent that the court erred in its instructions to the jury, as will be pointed out in your petitioners' brief to be hereafter filed in this cause."

The case was submitted to us without oral argument, and no brief other than the petition was filed on behalf of the defendants. The assignment of error above quoted was clearly insufficient under section 6346 of the Code and Rule 2 of this court (94 S. E. vi). *Lorillard Co.* v. *Clay*, 127 Va. 734, 746-7, 104 S. E. 384; *Va. I. C. & C. Co.* v. *Odle's Adm'r*, 128 Va. 280, 305, 105 S. E. 107.

[2] If the question of the sufficiency of this assignment be waived, no error is disclosed in the record to the prejudice of the defendants. The penalty imposed upon them was the minimum for the violation of the prohibition law, and no other verdict than one fixing their guilt could have properly been found under the evidence. This being true, if there were any error in the instructions, it would be harmless. *Hanger* v. *Commonwealth*, 107 Va. 872, 874, 60 S. E. 67.

*Affirmed.*